No. 83-70

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

STATE OF MONTANA, ex rel.,
GEORGE W. CADY and ROBERTA CADY,
husband and wife,

Petitioners,

-vs-

THE DISTRICT COURT OF THE THIRTEENTH
JUDICIAL DISTRICT OF THE STATE OF MONTANA,
IN AND FOR THE COUNTY OF BIG HORN AND THE
HONORABLE ROBERT H. WILSON,

Respondents.

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioners:

Lewis E. Brueggemann, Billings, Montana

For Respondents:

Clarence Belue, Hardin, Montana

Submitted:    February 16, 1983

Decided:    April 28, 1983

Filed:    APR 28 1983

_Ethel M. Harrison_
Clerk

ORDER AND OPINION
DENYING WRIT OF SUPERVISORY CONTROL

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

On February 4, 1983, relators George W. and Roberta Cady filed in this Court their petition for writ of supervisory control, review or other appropriate relief. In the petition, the relators requested that this Court issue a writ or order (1) declaring the District Court's ejection order removing relators from certain property in Big Horn County to be illegal, (2) granting a stay of all further proceedings in the lower court, (3) ordering the return to the relators of all properties involved in lower court action pending the outcome of an appeal then before this Court, and, (4) restoring the parties to the status quo prior to the ejection order of February 1, 1983.

Underlying the petition of the relators was an action that was pending in the District Court, Thirteenth Judicial District, Big Horn County, brought by George W. and Roberta Cady, as plaintiffs, against Anne T. Black and Big Horn Bank, as defendants. Plaintiffs claim that Anne T. Black had breached certain contracts with the plaintiffs, and that the bank as escrow holder was also responsible. Defendants denied the Cady's allegations, and Anne T. Black claimed a default under the contract which entitled her to repossess the property.

It appears that Anne T. Black had sold to the Cadys a cafe, laundromat, residence and other real property located at Lame Deer, Montana, under two contracts for deed in 1975 and 1976.

On August 13, 1982, the District Court signed a judgment, entered on August 16, 1982, to the effect that the plaintiffs were in default under both contracts for deed, but that for reasons of equity, since unjust enrichment of the defendant Black would occur if forfeiture were applied, the District Court relieved the Cadys from forfeiture granting them six months from July 27, 1982, in which to pay the remaining sums due and owing under the contracts for deed.

On September 23, 1982, the District Court entered judgment in favor of Big Horn Bank granting the bank $6,394.60 attorney fees, with interest at 10 percent per annum from date. Notice of the entry of this judgment was served by the clerk on September 23, 1982.

On November 8, 1982, the District Court amended the judgment of default and relief from forfeiture by granting Anne T. Black attorney fees in the amount of $5,000. Notice of the entry of this amendment to judgment was served on November 9, 1982, by the clerk.

On November 17, 1982, upon motion of the Cady's for the withdrawal of the contract documents from the office of the Clerk of the Court, "for the purpose of obtaining a new V.A. loan to pay off properties and for other reasons" the court ordered the release of the documents to the Cadys.

On December 8, 1982, Cadys made a motion to set aside and reopen the cause or for a new trial under Rule 60(b), M.R.Civ.P., on the ground that new evidence had been discovered which affected the cause. The new evidence consisted of a report from a handwriting expert to the effect that the contract documents had been altered.

- 3 -

Black filed responses objecting to the motion to reopen the cause, and asking for damages and punitive damages for falsity in the allegations respecting the contract documents.

On December 23, 1982, the District Court denied all motions. Notice was given by the clerk of the order denying all motions on December 28, 1982.

On January 3, 1983, the Cadys filed their notice of appeal "from the order denying plaintiffs' motion for a new trial entered in this action on the 23rd day of December, 1982."

On January 6, 1983, Anne T. Black appealed from the order denying her motion for damages and punitive damages under the order of December 23, 1982.

On January 28, 1983, the District Court entered an order staying execution of its amended judgment upon the filing of a supersedeas bond in the sum of $18,000 by the Cadys.

On February 1, 1983, the District Court entered its order declaring the interest of the Cadys under both contracts forfeited authorizing the bank as escrow agency to deliver to Anne T. Black the escrow deeds to said property and ordering the Rosebud County Sheriff to enter the premises and eject every person holding the same adversely to Anne T. Black and to restore Anne T. Black to possession.

The Rosebud County Sheriff made his return to the ejection order, stating that he had served individual copies of the said order and ejected all persons from the premises restoring Anne T. Black to the same.

Although a copy of a supersedeas bond is included in the exhibits attached to relators' petition for supervisory control, no supersedeas bond was filed with the District

- 4 -

Court or appears in the court file. The District Court has never approved a supersedeas bond.

From the foregoing, it should be clear that no appeal was taken by the Cadys from the District Court judgment of August 13, 1982, nor from the subsequent amendments to that judgment. Each of the appeals taken by the Cadys and by Anne T. Black related to the order of the District Court denying Cadys' motion to reopen the case and Black's motion for damages and punitive damages.

Both appeals were handled by us in cause no. 83-42 before this Court.

On March 3, 1983, on motion of Anne T. Black, we dismissed the appeal in that case and denied rehearing by our order of March 24, 1983.

In this cause, on February 10, 1983, we entered an order which granted a stay of all further proceedings in the District Court, denied without prejudice petitioners prayer that all properties be returned to them, denied their prayer that all parties be returned to their respective positions and conditions prior to the ejection order of February 1, 1983, and reserved ruling on whether the District Court's ejection order was illegal. That question was deemed submitted on that date.

Our examination of the court file and the records in this cause reveal that the order of ejectment issued by the District Court on February 1, 1983, in this case was not illegal, null or void.

Rule 62(b), M.R.Civ.P., provides that the District Court may stay the execution of or any proceedings to enforce a judgment when there is pending a motion under Rule 59, or

Rule 60. In this case, the District Court had already ruled on Cady's Rule 60 motion, and so Rule 62(b) does not apply.

The right of a judgment holder to enforce a judgment is set forth in section 25-13-101, which provides that a party in whose favor judgment is given may at anytime within six years after the entry thereof have a writ of execution issued for its enforcement.

A judgment debtor or other party desiring to stay the execution of a judgment or order of the District Court must proceed under Rule 7 of the Montana Rules of Appellate Civil Procedure. That Rule provides that if an appellant desires a stay of proceedings, where the court has made no such order, he may present to the District Court and secure its approval of a supersedeas bond. In this case, the District Court fixed the amount of such supersedeas bond in the sum of $18,000. However, no such bond was ever presented to the District Court for approval prior to the issuance of the ejection order. Therefore, on February 1, 1983, the judgment holder, Anne T. Black, was entitled to enforcement of a judgment by execution under sections 25-13-101 and 25-13-201, MCA. The District Court followed these statutes, and was authorized by statute to order the delivery of the possession of the real and personal property under section 25-13-307, MCA.

ACCORDINGLY, IT IS ORDERED:

1. That the petition of the relators for a writ of supervisory control, writ of review or other appropriate relief is hereby denied.

2. That copies of this opinion and order be served upon counsel of record by the clerk of this court.

DATED this _28th_ day of April, 1983.

- 6 -

_____
                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
        Justices

- 7 -